IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANKIE THOMAS,
    Plaintiff,

v.

R. FRASCH, individually and in his official capacities,
    Defendant.

COMPLAINT

Civil Action No.
1:17-CV-932

FILED
HARRISBURG, PA
MAY 2 6 2017

## I. JURISDICTION & VENUE

1. This is a civil action authorized by Bivens action to redress the deprivation, under color of federal law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff Thomas seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff Thomas' claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The United States District Court for the Middle District of Pennsylvania is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the event giving rise to this claim occurred.

## II. PLAINTIFF

3. Plaintiff Thomas, was at all times mentioned herein a prisoner of the Bureau of Prisons in custody at the United States Penitentiary Canaan. He is currently confined in Federal Correctional Institute Cumberland, in Cumberland, Maryland.

## III.  DEFENDANT

4. Defendant R. Frasch a counselor at United States Penitentiary Canaan. He is legally responsible for the counseling of prisoners which included enforcing and signing of the Bureau of Prisons Inmate Financial Responsibility Program, 28 C.F.R. Section 545.10-11.

5. Defendant is sued individually and in his official capacity. At all times mentioned in this complaint the defendant acted under color of Federal law.

## III.  FACTS

1. At all times relevant to this case, Plaintiff Frankie Thomas was coerced or unknowingly, unintelligently, and involuntarily signed the Bureau of Prisons, Inmate Financial Responsibility Program Contract.

2. In August of 1997, Plaintiff arrived at the United States Penitentiary located in Allenwood, Pennsylvania. During Plaintiff's interview he was required to sign the above mentioned contract, unknowingly, unintelligently, and involuntarily.

3. The Bureau of Prisons, Inmate Financial Responsibility Program is suppose to be voluntary, however, if a prisoner does not participate, he is then regulated to "Refusal Status."

4. Refusal status is used as retaliatory function to sanction a prisoner with punishment as: maintenance pay grade of $5.25 per month, whereas grade one pays .40 hourly, grade two .29 hourly, grade three .17 hourly, and grade four .12 hourly. Commissary spending drops down from $360.00 per month to $25.00 per month, you also lose eligibility to participate in programs like R. Dapp and the Challenge Program.

2

Those are just a few of the punishment that a prisoner has to indorse once placed in refusal status if he fails to acquiesce to the Bureau of Prisons, Inmate Financial Responsibility Program.

10. The Inmate Financial Responsibility Program permits the Bureau of Prisons to make payment schedules for restitution, Program Statement 5380.08, 28 C.F.R. Section 545.10-11 in violation of the Constitution or laws or treaties of the United States.

1. On November 23, 2009, Plaintiff filed a petition for writ of habeas corpus. See, Thomas v. Martinez, Civil Action No 1:CV-09-2296 (MD PA 2010). Plaintiff requested the Court to Order the Federal Bureau of Prisons to designate him as "exempt" from the requirements of the Inmate Financial Responsibility Program.

2. On March 18, 2010, Judge Rambo issued an Order in which it was stated that the language regarding restitution payments in the underlying criminal case "amounts to an unlawful delegation to the Bureau of Prisons of a schedule of restitution payments." Id.

3. Based on the language in the court's order which explicitly stated that the restitution language in Judge Rambo July 30, 1997 order was "unlawful," the Bureau of Prisons granted Plaintiff's request for relief through the administrative remedy grievance process and ceased collecting restitution payments, designating Plaintiff "No Obligation."

4. Plaintiff didn't make another restitution from September 2010 until his arrival at United States Penitentiary Canaan, Waymart, Pensylvania in 2015.

3

15. R. Frasch, Plaintiff counselor at United States Penitentiary Canaan, Waymart, Pennsylvania on October 26, 2015 placed Plaintiff in "Refusal Status" because Plaintiff refused to acquiesce to the signing of the Inmate Financial Responsibility Program Contract.

16. Due to the sanctions of the Bureau of Prisons Inmate Financial Responsibility Program against Plaintiff, Plaintiff grade one pay grade drop from grade one to maintenance pay grade of $5.25 per month, Plaintiff commissary spending went from 360.00 per month to $25.00 per month, and if Plaintiff still fail to sign the contract he would be removed from participating in the Challenge Program.

17. As a result, Plaintiff was coerced in participating in the Bureau of Prisons Inmate Financial Responsibility Program against his will, and the collection of 25.00 quarterly from his institution action from March 2016 through March 2017.

18. On January 23, 2017 Plaintiff Thomas filed a writ of habeas corpus pursuant to 8 U.S.C. Section 2241 as an prisoner at United States Penitentiary Canaan, Waymart, Pennsylvania, Civil No. 1:17-CV-00121.

19. On April 3, 2017 the Court issued an Order directing Respondent to the writ of habeas corpus to show cause within twenty (20) days why Plaintiff should not receive the relief requested. See Order to Show Cause (Doc. No. 7).

20. Civil case no 1:17-CV-00121 is pending disposition in the United States District Court, Middle District of Pennsylvania.

4

## IV.   EXHAUSTION OF LEGAL REMEDIES

21. Plaintiff Thomas used the prisoner administrative grievance procedure available to him at U.S.P. Canaan, Waymart, Pennsylvania to try and solve the problem. On November 9, 2015 Plaintiff presented the facts relating to this complaint using the Informal Resolution form BP-8. On November 14, 2015 Plaintiff was sent a response saying that the grievance has been denied.

22. On November 24, 2015 Plaintiff appealed the denial of the grievance to the Warden using the Request For Administrative Remedy Form BP-9. The appeal was rejected reason was their was not a copy of the Informal Resolution Form BP-8 provided per exhaustion of administrative remedy. Plaintiff was given five (5) days to resubmit appeal, as of November 27, 2015.

23. On December 1, 2015 the Administrative Remedy Coordinator received the resubmitted Request For Administrative Remedy Form BP-9. Response was due December 1, 2015, appeal was denied.

24. On December 21, 2015 Plaintiff appealed the denial to the Northeast Regional Office, it's response due date was January 20, 2016. Plaintiff appeal was denied.

25. On February 18, 2016 Plaintiff appealed the denial to the Central Office, Washington, D.C., the response due date was scheduled for April 18, 2016. After an extention of time. On November 29, 2016 Plaintiff received a denial of his Administrative Grievance Remedy Appeal process, thereby exhausting his administrative remedy. Following the exhaustion of Plaintiff administrative grievance, Plaintiff filed a writ of habeaus corpus pursuant to 28 U.S.C Section 2241, Civil No. 17-CV-00121 Id. See (Doc. 1.)

5

## V. LEGAL CLAIMS

26. Plaintiff reallege and incorporate by reference paragraphs 1-25.

27. The District Court impermissibly delegated to the Bureau of Prisons its duty to set manner and schedule of restitution payments during Plaintiff imprisonment in violation of 18 U.S.C. Section 3664(f) of the Mandatory Victim Restitution Act of 1996 and in violation of the Constitution or laws or treaties of the United States.

28. In interpreting the Mandatory Victims Restitution Act of 1996, it has been held that the plain language of Section 3664(f) -- stating that "the court shall" order restitution and specify the manner and schedule of payments -- means that ordering restitution is a "judicial function" that cannot be delegated in whole or in part.

29. It has also been held that any such delegation was impermissible because the fixing of restitution payments is a "judicial act" that "may not be delegated," so that "the plain language" of Section 3664(f) "contradicts, and thus overrides," the federal regulations permitting the Bureau of Prisons to make payment schedules for restitution through the Inmate Financial Responsibility Program, 28 C.F.R. Section 545.10-11.

30. Plaintiff sentence falls under the Mandatory Victim Restitution Act of 1996, Plaintiff was sentenced July 30, 1997, after the effect of the statute. The government relies on three prior non-precedential opinions, the principle statute that supplies the reasoning is a predecessor statute, Victim and Witness Protection Act of 1982 (VWPA), Pub. L. No. 97-291, 96 Stat. 1248, during that time, the sentencing court was not required to set a schedule of restitution payments. However, pursuant to the Mandatory Victim

6

Restitution Act of 1996, that option is no longer available.

31. Defendant R. Frasch, inmate counselor individually and in his official capacity pursuant to Program Statement 5380.08, which clarifies the Bureau of Prisons authority, requires a diligent effort from law enforcement to collect court-ordered obligations

32. Defendant R. Frasch individually and in his official capacities pursuant to federal regulation 28 C.F.R. Section 545.10, which permits the Bureau of Prisons to unlawfully, illegally and fraudently remove monetary funds from plaintiff's institution account in violation of 18 U.S.C. Sections 3556, 3663 A(a)(1); 18 U.S.C. Section 3664(f) of the Mandatory Victim Restitution Act of 1996, and in violation of the Constitution or laws or treaties of the United States, Fifth Amendment, nor be deprived of property.

3. Defendant R. Frasch individually and in his official capacities, unlawfully, illegally, and fraudently removed monetary funds from Plaintiff's institution account, placed Plaintiff under duress, causing Plaintiff loss of property and emotional distress, due to the threat of sanctions if Plaintiff refuse to sign the Bureau of Prisons Inmate Financial Responsibility Program contract, in violation of the Constitution or Laws or treaties United States

4. Defendant R. Frasch individually and in his official capacities damaged Plaintiff by causing him the loss of his property by enforcing the Bureau of Prisons Inmate Financial Responsibility Program contract on him, placing Plaintiff under duress to acquiesce to a contract which cause Plaintiff emotional distress, in violation of the Constitution or Laws or Treaties of the United States.

5. Defendant R. Frasch individually and in his official capacities breach his duty, enforcing the Bureau of Prisons Inmate Financial Responsibility Program pursuant

7

to the predecessor statute, Victim and Witness Protection Act of 1982, which has been overridden by the Mandatory Victim Restitution Act of 1996, thus, violating the Constitution or Laws or treaties of the United States, Fifth Amendment, deprived of property.

36. Defendant R. Frasch individually and in his official capacities violated the Mandatory Victim Restitution Act of 1996 by ordering restitution and specifying the manner and schedule of payments which is a judicial function for the courts.

7. Plaintiff Thomas has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendant unless this Court grants the declaratory and injunctive relief which Plaintiff seeks.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray that this Court enter judgment:

3. Granting Plaintiff Thomas a declaration that the acts and omissions described herein violate his rights under the Constitution or Laws or treaties of the United States, and

1. A preliminary and permanent injunction ordering defendant of the Bureau Prisons Inmate Financial Responsibility Program to cease their unlawfully, illegally and fraudent collection of monetary funds from Plaintiff's institution account, and

Granting Plaintiff Thomas compensatory damages in the amount of $3,000.00

against the defendant, jointly and severally.

41. Plaintiff seek punitive damages in the amount of $30,000.00 against the defendant, jointly and severally.

12. Plaintiff also seek a jury trial on all issues triable by jury.

13. Plaintiff also seek recovery of the cost in this suit, and

4. Any additional relief this Court deems just, proper, and equitable.

Dated: May 23, 2017.

/S/ Frankie Thomas

Respectfully submitted,

Reg. No. 08648-067
F.C.I. Cumberland
P.O. Box 1000
Cumberland, MD 21501

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged herein are true, except as to matter alleged on information and belief, and as to those, believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Cumberland, MD. on May 23, 2017.

/S/ Frankie Thomas
Frankie Thomas

Frankie Thomas
Reg. # 08648-067
Federal Correctional Institute Cumberland
P.O. Box 1000
Cumberland, MD 21501

USMS X-RAY

RECEIVED
HARRISBURG, PA
MAY 26 2017

⇔08648-067⇔
Clerk Of The Court
228 Walnut
P.O. Box 983
Harrisburg, PA 17108
United States

17108-098983