UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF PENNSYLVANIA

| FRANKIE THOMAS, | : | |
| --- | --- | --- |
| Plaintiff | : | |
| v. | : | No. 1:17-CV-0932 |
| R. FRASCH | : | (Judge Rambo) |
| Defendant | : | |

## MEMORANDUM

### I. Background

Presently before the Court is a civil action filed by pro se Plaintiff, Frankie Thomas, on May 26, 2017, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1977). (Doc. No. 1.) Plaintiff is currently housed at the Federal Correctional Institute, Cumberland, Maryland. Plaintiff's allegations are against Defendant R. Frasch, a counselor at the United States Penitentiary at Canaan, Pennsylvania ("USP-Canaan"). Plaintiff alleges, inter alia, that the District Court impermissibly delegated to the Bureau of Prisons ("BOP") its duty to set the manner and schedule of restitution payments during Plaintiff's imprisonment in violation of the Mandatory Victim Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3664(f). (Id. at 6.) Plaintiff also alleges that Defendant Frasch unlawfully removed monetary funds from Plaintiff's institution account and coerced Plaintiff to sign-up for the BOP's Inmate Financial

1

Responsibility Program ("IFRP"). (Id. at 7.) Plaintiff alleges that although the IFRP is voluntary, if he does not agree to participate in it, then he will be placed in "Refusal Status" and sanctioned. (Id. at 2.) As Plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, the Court will engage in screening of Plaintiff's complaint pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2).

## II. Standard of Review

In reviewing Plaintiff's Complaint, the Court is guided by § 1915(e)(2) of the PLRA which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The

Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an

entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In conducting its screening review of a complaint, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

**III. Discussion**

"A Bivens action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001). Specifically,

> Bivens creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." . . . To state a claim under Bivens, the plaintiff must show that the defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States.

Naranjo v. Martinez, No. 4:CV–08–1755, 2009 WL 4268598, at *6 (M.D. Pa. Nov. 24, 2009) (citations omitted).

Plaintiff brings the current suit against Defendant Frasch in both his individual and official capacities. However, Sovereign immunity bars any claims brought against Defendant Frasch in his official capacities. Specifically, sovereign immunity constitutes a jurisdictional bar to claims against the United States and its agencies, unless Congress has specifically waived such immunity. FDIC v. Meyer, 510 U.S. 471, 475 (1994). Indeed, "[a]n action against government officials in their

official capacities constitutes an action against the United States [and is] barred by sovereign immunity, absent an explicit waiver." Lewal v. Ali, 289 F. App'x 515, 516 (3d Cir. 2008); Webb v. Desan, 250 F. App'x 468, 471 (3d Cir. 2007).

Bivens does not waive sovereign immunity with respect to claims brought against federal employees sued in their official capacities. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a Bivens claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a Bivens claim against the officer's employer, the United States, or the BOP."). Thus, Plaintiff suit against Defendant Farsch in his official capacity must be dismissed with prejudice. Lewal, 289 F. App'x at 516; Webb, 250 F. App'x at 471.

With regard to Plaintiff's substantive claim that Defendant Frasch caused him emotional distress by coercing Plaintiff to sign –up for IFRP or suffer being placed on "Refusal Status," Plaintiff's claim fails to rise to the level of a constitutional violation. Case law has repeatedly found the IFRP to be voluntary and lawful. See, e.g., United States v. Boyd, 608 F.3d 331, 334 (7th Cir. 2010); James v. Quinlan, 866 F.2d 627, 630 (3d Cir. 1989); Balter v. Martinez, 477 F.App'x 873, 875 (3d Cir. 2012).

Plaintiff could have refused to participate in the IFRP without fear of being disciplined by prison authorities. While it appears that Plaintiff avers he has refused to participate in the IFRP, his placement in the "IFRP Refuse" category which denies a prisoner certain privileges, does not result in the imposition of discipline that would trigger a constitutionally protected interest. See Duronio v. Gonzales, 293 F.App'x 155, 157 (3d Cir. 2008) (citing 28 C.F.R. 541.11(d) (listing the privileges denied to prisoner for refusing to participate in the IFRP) and Sandin v. Conner, 515 U.S. 472, 484 (1995) (liberty interests created by prison regulations are limited to instances where such regulations impose atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life); see also Balter v. Marinez, 477 F.App'x 873, 875 (3d Cir. 2012) (stating that case law has repeatedly found the IFRP to be voluntary and lawful and as such, plaintiff has "no entitlement, constitutional or otherwise, to any of the benefits agreeing to participate in the IFRP would provide, such as a work detail outside the prison perimeter, a higher commissary spending limit, a release gratuity, or pay beyond the maintenance pay level.") (citations omitted).

While being in the "IFRP Refuse" category denies a prisoner certain privileges, it does not result in the imposition of discipline that would trigger a

constitutionally protected interest. See Duronio, 293 F.App'x at 157.[1]  Therefore, Plaintiff has failed to state a claim upon which relief may be granted and this claim will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. Leave to Amend

Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108, 114 (3d Cir. 2002). In this case, it is clear from the facts alleged in the complaint that allowing Plaintiff leave to amend would be futile because he has failed to state a constitutional violation.

---

[1] To the extent that Plaintiff is challenging the restitution plan imposed by the Court or a violation of the MVRA, a direct appeal is the proper vehicle for asserting those claims. See Balter, 477 F.App'x at 875. Plaintiff's Bivens action, claiming that his participation in the IFRP violates the MVRA, is barred by Heck v. Humprehy, 512 U.S. 477 (1994) and its progeny.

## V. Conclusion

Based upon the foregoing, Plaintiff's motion for leave to proceed in forma pauperis will be granted for the limited purpose of dismissal of this action and this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for Plaintiff's failure to state a claim upon which relief may be granted.

     s/Sylvia H. Rambo
     SYLVIA H. RAMBO
     United States District Judge

Dated: July 11, 2017

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF PENNSYLVANIA

FRANKIE THOMAS,

    Plaintiff

v.

R. FRASCH

    Defendant

No. 1:17-CV-0932

(Judge Rambo)

## ORDER

**AND NOW**, **THEREFORE**, this 11th day of July, 2017, in accordance with the accompanying memorandum, **IT IS ORDERED THAT:**

1. Plaintiff's motions to proceed in forma pauperis (Doc. Nos. 7, 8) are **GRANTED** for the limited purpose of dismissing this action;

2. This action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted; and

3. The Clerk of Court is directed to **CLOSE** this case.

            s/Sylvia H. Rambo
            SYLVIA H. RAMBO
            United States District Judge